[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14221
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20311-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANGELO GORDON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2012)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Michael Angelo Gordon appeals the substantive reasonableness of his

82-month sentence, imposed after he pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the sentence is substantively unreasonable because the district court relied too heavily on his criminal history in imposing the sentence. For the reasons set forth below, we affirm Gordon's sentence.

I.

While conducting surveillance unrelated to this case, Miami-Dade Police Department detectives saw Gordon pull what appeared to be a firearm from his waistband and point it at another individual. Gordon put the firearm back in his waistband and walked away. Police officers then approached Gordon and announced that they were police officers. Gordon ran from the officers and threw what appeared to be a firearm into some bushes. After Gordon stopped running, the officers found a loaded firearm in the bushes. Gordon was arrested, and the officers ultimately determined that he was a convicted felon.

After Gordon pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the probation officer prepared a presentence investigation report ("PSI"). Gordon's base offense level was 14, pursuant to U.S.S.G. § 2K2.1(a)(6), and he received a two-level increase under § 2K2.1(b)(4)(A). He also received a three-level reduction for acceptance of

responsibility, under § 3E1.1, which brought his total offense level to 13.

Gordon's criminal history category was VI. He had two juvenile adjudications, in 1981 and 1982, for burglary, grand theft, criminal mischief, and improper exhibition of a dangerous weapon. He also had two juvenile adjudications for which records could not be located. As an adult, Gordon had been convicted in 43 cases. Some of the more serious charges for which he was convicted included false imprisonment, battery, grand theft, and battery on a law enforcement officer. He also had a number of drug convictions for crimes involving both cocaine and marijuana. Gordon also had been convicted a number of times for retail theft, petit theft, trespass, and other crimes. The probation officer explained that Gordon had 15 criminal history points, 5 of which were assessed under U.S.S.G. § 4A1.1(c). Because only four points could be counted under § 4A1.1(c), Gordon had 14 criminal history points.

Gordon also had a number of charges for which he had not been convicted, including, most recently, battery, drinking in public, aggravated assault with a firearm, felon in possession of a firearm, possession of a short barrel gun, stalking, resisting an officer without violence, simple battery, unlawful driving as a habitual traffic offender, selling or delivering cocaine within 1,000 feet of a school, and selling cocaine within 1,000 feet of a church. In total, from the time he was 15,

3

Gordon was arrested 31 times in cases in which he was not ultimately convicted, and he had been arrested 2 additional times in cases that were still pending. Based on an offense level of 13 and a criminal history category of VI, Gordon's guideline range was 33 to 41 months' imprisonment. The statutory maximum term of imprisonment was 120 months. The probation officer noted that an upward departure was permitted under U.S.S.G. § 4A1.3, but did not expressly recommend a departure. Neither party objected to the PSI.

At the sentencing hearing, the court noted that the guideline range was 33 to 41 months' imprisonment. The court noted that there were 78 entries in Gordon's criminal history. Gordon responded that, within the prior 20 years, he had approximately 30 convictions. However, those convictions were generally for misdemeanors. Only four of those convictions were felonies. Gordon's criminal history showed that he had a drug problem, but he was not selling drugs or committing violent crimes. He had committed some violent offenses in his life, but those had occurred more than 20 years ago. Gordon asked for a sentence within the guideline range and argued that, given his criminal history and the sentences he had received in the past, such a sentence was appropriate. The government argued that Gordon had an extensive criminal history and that, although Gordon had not had any convictions since 2009, he had been arrested for several serious crimes

since then. Gordon also had a number of probation violations, which showed a disrespect for the law. He also had pending state charges. The government recommended a sentence at the high end of the guideline range, but noted that the statutory maximum sentence was ten years' imprisonment.

The court stated that it had to consider the 18 U.S.C. § 3553 factors. Gordon had a total of 78 entries in his criminal history, which included juvenile entries, pending charges, and convictions. Although many offenses were not violent, several of his offenses had been more serious. Gordon's criminal history showed a disrespect for the law, and promoting a respect for the law was one factor to consider in imposing a sentence. The court also noted that providing adequate deterrence was a factor to consider in imposing a sentence. Given Gordon's criminal history, the court believed that he would continue to commit crimes upon his release from prison. Thus, the court determined that a sentence within the guideline range was not justified. An upward departure under U.S.S.G. § 4A1.3 was warranted because Gordon's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit future crimes. The court then imposed an upward departure and determined that 20 was an adequate offense level. An offense level of 20 and a criminal history category of VI meant that Gordon's guideline range was 70 to 87

5

months' imprisonment. The court explained that it had considered the parties' statements, the PSI, the advisory guideline range, and the § 3553 factors. The court sentenced Gordon to 82 months' imprisonment. Gordon objected that a sentence within the guideline range was sufficient in light of the § 3553 factors.

II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, the sentence will be affirmed unless the district court made a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted), *cert. denied*, 131 S.Ct. 2962 (2011). The party challenging a sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We review the substantive reasonableness of a sentence in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. The district court is required to

"impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

"A district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). However, it is within the district court's discretion to determine how much weight to give to each § 3553(a) factor, and where the court has explained why it "attached great weight to one factor," we have held the sentence to be reasonable. *Id.* at 1322-23. The reasonableness of a sentence may be indicated when the sentence imposed is well below the statutory maximum sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

In *United States v. Shaw*, 560 F.3d 1230 (11th Cir. 2009), we affirmed a

7

sentence as reasonable over the appellant's argument that the district court relied too heavily on recidivism. *Id.* at 1239-41. That appellant had 26 entries in his criminal history, which included juvenile adjudications and charges that had not been pursued. *Id.* at 1232-35. The appellant's 120-month sentence (the statutory maximum sentence) had been imposed after careful consideration of the § 3553(a) factors, including the appellant's history and characteristics, the nature of his offense, the fact that he had committed similar crimes in the past, the need to deter the appellant from future crimes, and the need to promote respect for the law. *Id.* at 1240. We further stated that the appellant began "his criminal career before he was old enough to drive, and he ha[d] single-mindedly steered that course into his late twenties despite being offered at least twenty-six opportunities to exit from it." *Id.* at 1241.

Gordon's sentence is substantively reasonable in light of the record and the § 3553(a) factors. The 82-month sentence was well below the 120-month statutory maximum sentence, indicating that it was a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324. The sentence, moreover, met the goals encompassed within § 3553(a). As the court discussed at the sentencing hearing, Gordon has an extensive criminal history, which began with juvenile adjudications for burglary, grand theft, criminal mischief, and improper exhibition of a dangerous weapon.

Gordon went on to accumulate convictions in 43 cases, and he has been arrested an additional 31 times in cases that did not result in a conviction. Gordon has also been arrested twice in cases that were still pending when he was sentenced in this case. Considering Gordon's criminal history and disregard for the law, an 82-month sentence was necessary to promote respect for the law, provide just punishment, deter Gordon from further criminal activity, and protect the public.

Further, the district court justifiably focused on Gordon's criminal history in explaining the 82-month sentence. Like the appellant in *Shaw*, Gordon began committing crimes as a juvenile, and he has continued his criminal career throughout his adult life. *See* 560 F.3d at 1241. The court did not erroneously consider the entirety of Gordon's criminal history, rather than only his most recent and most serious convictions. We affirmed the sentence in *Shaw* where the district court considered the entirety of the appellant's criminal history, which, like Gordon's criminal history, included juvenile adjudications and arrests that did not lead to convictions. *See id.* at 1232-35, 1239-41. Based on the above, Gordon's sentence was reasonable, and we should not re-weigh the § 3553(a) factors. *See Snipes*, 611 F.3d at 872.

For the foregoing reasons, we affirm Gordon's sentence.

**AFFIRMED.**

9